## ORDER DISALLOWING REPORT OF RECEIVER NOT APPEALABLE.

Circuit Court of Cuyahoga County.

AUGUST BECKER v. CITIZENS REAL ESTATE CO. ET AL.

Decided, February 5, 1912.

*Appeal—Final Order—Order Disallowing Report of Receiver and Ordering an Amended Report Not Appealable.*

An appeal will not lie to the circuit court from an order of the common pleas court disallowing a partial report of a receiver appointed in a case pending in that court and directing the receiver to file an amended report.

*W. W. Hole,* for plaintiff.

*Stearns, Chamberlain & Royon, Parsons & Fitzgerald* and *Myers & Green,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

August Becker brought a suit in the court of common pleas against the Citizens Real Estate Company, a corporation, setting up that he was a creditor of such corporation, and averring other facts, which, if established, would justify the appointment of a receiver to take charge of the property of the corporation, convert it into money and distribute the avails thereof.

Such proceedings were had in this action that Howard A. Byrns was appointed such receiver and as such made a partial report to the court on the 14th day of June, 1911.

On the 6th day of July, 1911, F. L. Wenham, one of the creditors of the corporation, filed objections to this report, specifying

a large number of items for which the receiver had taken credit to himself in the report, and concluding in these words:

"The said receiver has disbursed the funds of said estate, as shown by his partial report, in the payment of unnecessary expenses, the maintenance of an office in the Citizens Building, including office rent, telephone service, the salary of a stenographer and various other items of expense, which are not properly chargeable to said estate; that said report should not be confirmed, but that the said report should be disallowed and the receiver be ordered to file a correct statement of his transactions."

On the 24th day of October, 1911, the court entered its order on this motion in these words:

"The objections of F. L. Wenham to the report of the receiver and motion to disallow same is heard and granted, at the receiver's costs, for which judgment is rendered against him, and said receiver is ordered to file an amended report by November 4, 1911. The amount of the bond for appeal is fixed in the sum of $200."

The receiver gave his bond for appeal, and did all things necessary to perfect such appeal, provided the order is one from which an appeal may be taken. If this matter is a proper subject of appeal, it is because it comes within the provisions of Section 12224 of the General Code. This section provides that:

"An appeal may be taken to the circuit court by a party, or other person directly affected, from a judgment or final order in a civil action rendered by the common pleas court, and of which it had original jurisdiction, if the right to demand a jury therein did not exist."

We are clearly of the opinion that the order made in this case is not a *final order* within the meaning of the section quoted above. Nobody's rights are fixed by it. The amount which the receiver is to distribute is not fixed. The amount of credits to which the receiver is entitled is not fixed. Nothing is fixed but that the report as a whole is not approved, and the court orders that a new report shall be filed. It is no more final

than an order sustaining a demurrer to a petition is final, where leave is given to amend the petition.

To construe this order as determining that no part of the credits objected to will be allowed, is to give it a construction which it clearly was not the intention of the court it should have. Had such been the intention of the court, the order should, and doubtless would have been, that certain items of credit claimed would not be allowed, and having specified such as should be so disallowed, there would have been no occasion to require an additional report to be filed, because the report taken in connection with the order would have shown the amount in the receiver's hands to be thereafter accounted for.

If there were no other reasons for holding that this is not a final order, the foregoing would be sufficient, and would require us to sustain the motion to dismiss this appeal.

The case of *Evans* v. *Dunn*, 26 O. S., 439, relied upon by the appellant does not, as we view it, support his contention. There a final report by a master was filed, stating an account between partners. Exceptions were taken to certain items in the report. The allowance or rejection of these items, or any of them, affected the amount to which each of the parties was entitled. The settlement of this account, the order of the court approving it, disposed of the entire controversy. The court ordered the modification of the report, and as so modified, it was confirmed. This was held to be a *final* order from which an appeal could have been taken. It was not taken, and therefore the court refused to hear evidence touching the questions settled by the order.

Whether any order made by the court of common pleas, in the settlement of the accounts of a receiver, can be appealed from, need not here be determined. Counsel are familiar with the case of *Scheidler* v. *Railway Co.*, 2 C. C., 453, where the holding is that the only remedy open to the receiver, who feels aggrieved in such a case, is by proceedings in error. See also *R. R. Co.* v. *Sloan*, 31 O. S., 1.

The motion to dismiss the appeal is sustained.